IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11CV89

| | | |
|---|---|---|
| ANA MONDRAGON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court upon Defendants' Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject jurisdiction and failure to state a claim upon which relief can be granted.

Plaintiff Ana Mondragon, a citizen of Honduras, brought this action pursuant to the Administrative procedures Act ("APA") challenging the denial by the United States Citizenship and Immigration Services ("USCIS") of her petition for a "U" visa. A U visa grants nonimmigrant status to the victim of certain crimes who are cooperating with law enforcement in the investigation or prosecution of those crimes. 8 U.S.C. § 1101(a)(15)(U).

Mondragon illegally entered the United States on June 4, 2006 and was arrested the same day. Removal proceedings were initiated against her and Mondragon submitted a letter-request to USCIS seeking a U visa and interim relief from removal. In order to qualify for consideration of a U visa, an alien must prove that (1) he or she has suffered substantial physical or mental abuse resulting from "qualifying criminal activity," which consists of certain enumerated crimes, including rape and sex trafficking; (2) he or she possesses knowledge about that crime; (3) he or she has been helpful, is being helpful, or is likely to be helpful to a certifying agency in the

investigation or prosecution of that crime; and (4) that crime suffered by the alien violated United states laws or occurred in the United States (including military bases, Indian reservations, and U.S. territories or possessions). 8 U.S.C. § 1101(a)(15)(U)(i), 8 C.F.R. § 214.14(b). A petition for a U visa must include a certification from a certifying agency–a federal, state, or local law enforcement officer, prosecutor, or judge–stating that the alien meets each of these eligibility criteria. 8 U.S.C. § 1101(a)(15)(U)(iii); 8 U.S.C. § 1184(p)(i); 8 C.F.R. § 214.14(c)(2)(i).

Mondragon submitted a certification from the Charlotte-Mecklenberg Police Department stating that she had been helpful in the investigation and/or prosecution of her rape which occurred in Guatemala by a man she thought was going to smuggle her into the United states. Mondragon claimed that she escaped after the rape and entered the United States on her own. The reporting officer noted "I intend to forward this information to the proper authorities for an investigation."

USCIS granted Mondragon interim U visa relief on August 27, 2007 in the form of a deferred action and the immigration Court dismissed her removal proceedings without prejudice on May 5, 2008. On January 29, 2008, Mondragon filed a formal U visa petition with USCIS, relying upon the same Law Enforcement certification and police report that she had previously submitted to USCIS in 2007. The USCIS denied her petition on November 13, 2009, finding that she had failed to meet the eligibility prerequisites for a U visa in that her rape had not occurred i the United states or its territories or possessions. Therefore, neither the United states nor North carolina had the jurisdiction to investigate or prosecute the rape.

On January 6, 2011, Mondragon filed an appeal of the denial with USCIS's Administrative Appeal Office ("AAO"), arguing that she was a victim of sex trafficking and that

federal law permits prosecution of sex trafficking that occurs entirely outside the country. The AAO dismissed the appeal on January 24, 2011, holding that Mondragon had failed to demonstrate that she was a victim of sex trafficking, since the law enforcement certification and her own description of the relevant events indicated that she had been a victim of rape, not sex trafficking. The AAO also found that even if she had shown she was a victim of sex trafficking, she had failed to demonstrate extraterritorial jurisdiction for American authorities to prosecute sex trafficking that occurs in other countries. Lastly, the AAO held that Mondragon had failed to demonstrate that any law enforcement agency had investigated or prosecuted her rape as a sex trafficking crime.

Mondragon filed the present Compliant seeking judicial review of USCIS' denial of her U visa petition and an order directing USCIS to grant her petition. Defendant has moved to dismiss her Complaint, contending that this court does not have subject matter jurisdiction over this dispute. The party asserting federal subject matter jurisdiction bears the burden of proving it. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). Mondragon asserts that this court possesses jurisdiction over her claim under the Administrative Procedures Act ("APA"). A person who is "adversely affected or aggrieved" by agency action "is entitled to judicial review thereof." 5 U.S.C. § 702. However, 5 U.S.C.§ 701(a)(2) provides that judicial review pursuant to the APA does not apply "to the extent that . . . agency action is committed to agency discretion by law." A court may ordinarily set aside agency action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). For decisions placed in an agency's absolute discretion, however, there are no judicially manageable standards by which a court can judge how and when an agency should exercise its discretion, making it impossible to evaluate such agency action for "abuse of

discretion" under the APA. *See Heckler v. Chaney*, 470 U.S. 821, 830 (1985).

USCIS possesses "sole jurisdiction" over all U visa petitions. 8 C.F.R. § 214.14(c)(1). USCIS also possesses "sole discretion" to determine the evidentiary value of U visa application materials. 8 C.F.R. § 214.14(c)(4). Because USCIS bases its U visa determinations entirely and solely on its own discretionary review of the evidence that aliens submit when petitioning for a U visa, the court has no basis to decide whether USCIS abused its discretion. *See Catholic Charities CYO v. Chertoff*, 622 F.Supp. 2d 865, 880 (N.D.Cal. 2008), *aff'd* 68 Fed. Appx. 750 (9th Cir. 2010) *(*statute vests USCIS "with discretion to determine eligibility for 'U' visas. . . . [T]he outcome of such determinations are committed to USCIS' discretion by law . . ."); *accord Ordonez Orozco v. Chertoff*, 2008 WL 5155728, at *4 (S.D. Texas Dec. 8, 2008) ("the issuance of the overall U visa is within the sole discretion of [USCIS]. . . . Given the discretionary nature of the U visa itself," court lacked jurisdiction to order issuance of law enforcement certification).

USCIS' discretion to grant or deny U visas precludes this court from exercising APA subject matter jurisdiction in this case. Mondragon has not cited a single case in which a federal district court asserted subject matter jurisdiction over a denial by USCIS to issue a U visa. She has utterly failed to meet her burden of establishing subject matter jurisdiction and accordingly, this case will be dismissed pursuant to Rule 12(b)(1).

IT IS THEREFORE ORDERED that the Defendants' Motion to Dismiss is hereby GRANTED.

Signed: March 2, 2012

Graham C. Mullen
United States District Judge